# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

NORMAN H. LAWTON,

        **Plaintiff,**

   **v.**                             **Case No.: 2:17-CV-699**
                                      **JUDGE GEORGE C. SMITH**
                                      **Magistrate Judge Jolson**

CENTRAL INTELLIGENCE AGENCY,

        **Defendant.**

## OPINION AND ORDER

This matter is before the Court upon Defendant's Motion to Dismiss (Doc. 13) and Plaintiff's Motion for Order Seeking Relief (Doc. 21). The motions are fully briefed and ripe for disposition. For the following reasons, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Motion for Order Seeking Relief is **DENIED AS MOOT**.

## I.      BACKGROUND

On August 11, 2017, Plaintiff Norman H. Lawton ("Plaintiff") initiated this tort action against the United States Central Intelligence Agency ("CIA" or "Defendant"). (Doc. 2, Compl. at PAGEID #5–6). Plaintiff alleges that he has performed 30 years of service to the CIA, while also performing work for the FBI and Secret Service, and that his compensation has been wrongfully withheld from him. (*Id*. at PAGEID #16, 21). Plaintiff brings this action for the payment of a lump sum of $3.3 million for the 30 years of work that he alleges he performed without receiving compensation. (*Id*. at PAGEID #18). Plaintiff argues that he is entitled to this lump sum under 28 U.S.C. § 2674 and 50 U.S.C. § 2071. (*Id*. at PAGEID #15). The CIA has

moved to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## II.        STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 595, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading," and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren City.*, 847 F.3d 812, 816 (6th Cir. 2017) (quoting *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

A factual attack is a challenge to the factual existence of subject matter jurisdiction. No presumptive truthfulness applies to the factual allegations. *Glob. Tech., Inc. v. Yubei (XinXiang) Power Steering Sys. Co.*, 807 F.3d 806, 810 (6th Cir. 2015). When examining a factual attack under Rule 12(b)(1), "the court can actually weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id.* (quoting *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012)). The plaintiff has the burden of establishing jurisdiction in order to survive the motion to dismiss. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Regional Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

### III.  DISCUSSION

In the United States, the federal government has sovereign immunity and may not be sued unless it has waived its immunity or consented to suit.  Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.  *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).

Plaintiff cites 28 U.S.C. § 2674 of the Federal Tort Claims Act ("FTCA") as the grounds for his tort claim, and for the waiver of sovereign immunity.  28 U.S.C. § 2674 provides in relevant part, "(t)he United States shall be liable, respecting the provisions of this title relating to claims, in the same manner and to the same extent as a private individual under circumstances . . . ."

Although providing a limited waiver of sovereign immunity, a claim under the FTCA may not be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have finally been denied by the agency in writing. . . ."  28 U.S.C. § 2675(a).  This prior exhaustion of administrative remedies is a jurisdictional prerequisite to the claim.  *Howard v. U.S. Dep't of Educ.*, No. Civ. A. 2:08-CV-159, 2009 WL 2950231, at *1 (S.D. Ohio September 14, 2009) (citing *Singelton v. United States*, 277 F.3d 864, 873 (6th Cir. 2002)).  Moreover, a plaintiff who seeks to pursue a claim under the FTCA must affirmatively "allege that he has filed an administrative claim" to satisfy the jurisdictional prerequisite.  *Howard*, 2009 WL 2950231 at *1 (citing *Joelson v. United States*, 86 F.3d 1413, 1422 (6th Cir. 1996).

Nothing in the complaint alleges that Plaintiff has filed an administrative claim.  Thus, Plaintiff has not pleaded sufficient facts to establish subject matter jurisdiction and his FTCA claim must be dismissed pursuant to Rule 12(b)(1).

Along with his claim under the FTCA, Plaintiff also asserts that he is entitled to a lump sum payment under 50 U.S.C. § 2071. This provision relates to a lump sum credit for eligible separated CIA employees. 50 U.S.C. § 2071(a)(2) requires a claimant file "an application with the Director for payment of the lump-sum credit." Plaintiff has failed to allege that any application has been submitted.

Even if Plaintiff had alleged that he had properly submitted an application pursuant to 50 U.S.C. § 2071, this Court would still lack subject matter jurisdiction over this claim. The lump sum credit mentioned in 50 U.S.C. § 2071 is part of the Central Intelligence Agency Retirement and Disability System. 50 U.S.C. § 2011(c) provides, "in the interests of the security of the foreign intelligence activities of the United States . . . any determination by the Director authorized by this chapter shall be final and conclusive and shall not be subject to review by any court." Thus, any claim brought by Plaintiff invoking 50 U.S.C. § 2071 must fail for lack of subject matter jurisdiction.

## IV.    CONCLUSION

Based on the foregoing reasons, Defendant's Motion to Dismiss is **GRANTED**. Plaintiff's Motion for Order Seeking Relief (Doc. 21) is **DENIED AS MOOT**. The Clerk shall remove Documents 13 and 21 from the Court's pending motions list and close this case.

**IT IS SO ORDERED.**

  */s/ George C. Smith*  
**GEORGE C. SMITH, JUDGE**  
**UNITED STATES DISTRICT COURT**